UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| RANDY P. CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:15-cv-00070-TAB-TWP |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration. ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

**I.     Introduction**

Plaintiff Randy P. Caldwell seeks an award of attorney's fees under 42 U.S.C. § 406(b)(1) in the amount of $22,557.  Caldwell demonstrates this award is reasonable and the Commissioner's opposition is unconvincing.  For reasons explained below, the Court grants Caldwell's motion [Filing No. 34] for an award of attorney's fees.

**II.    Background**

On February 16, 2012, Caldwell applied for Disability Insurance Benefits.  The Social Security Administration denied Caldwell's claim initially and upon reconsideration.  An Administrative Law Judge likewise denied Caldwell's claim and the Appeals Council denied Caldwell's request for review.

On June 10, 2015, Caldwell, through his attorney, filed the present appeal of the SSA's denial decision.  Caldwell submitted a brief in support of remand and the case was set for an oral argument on March 18, 2016.  However, on March 7, 2016, the Commissioner agreed to a joint

remand for further consideration. On June 17, 2016, upon a joint motion, the Court awarded Caldwell $3,669 in attorney's fees under the Equal Access to Justice Act. [Filing No. 32.]

On September 23, 2016, the agency made a fully favorable determination, and awarded Caldwell past-due DIB in the amount of $90,228 and a monthly payment of $1,370.60. [Filing No. 34-2; Filing No. 34-3.] Caldwell's attorneys then submitted the present petition for § 406(b) fees, and attached the contingency fee agreement with Caldwell, assigning 25% of any past-due benefits awarded to Caldwell's attorneys. [Filing No. 34-1.] The Commissioner opposes Caldwell's petition.

### III. Legal Standard

Section 406(b)(1) allows the Court to award a reasonable attorney's fee for work performed, limited to 25% of past-due benefits. 42 U.S.C. § 406(b)(1). Courts must conduct an "independent check" of the contingency agreement and determine whether such award of attorney's fees is reasonable under the circumstances. *Wyatt v. Colvin*, No. 1:11-CV-00874-MJD, 2014 WL 50194, at *1 (S.D. Ind. Jan. 6, 2014) (citing *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002)). The burden is on Caldwell's attorney to show that the requested fee award is reasonable. *Wyatt,* 2014 WL 50194, at *1.

A prevailing plaintiff's counsel can pursue and be awarded fees under both § 406 and EAJA. *Gisbracht*, 535 U.S. at 796. However, if the Court awards fees under both § 406(b) and EAJA, the attorney can only keep the larger of the two and must return the lesser amount to the plaintiff. *Mathews-Sheets v. Astrue*, 653 F.3d 560, 562 (7th Cir. 2011).

### IV. Discussion

Caldwell's petition sets forth sufficient information to carry his burden. Caldwell's attorney submitted the contingency fee agreement, the fully favorable decision from SSA, the

DIB award letter, and a ledger reporting the time expended in this case. The Commissioner does not argue the contingency agreement is unreasonable or oppose an award. Rather, the Commissioner contends that the amount of the fee requested by Caldwell is unreasonable for two main reasons: (1) non-attorney hours are compensated at the same rate as attorney hours, and (2) the implied hourly rate is on the high end. Despite Caldwell's failure to reply, the Commissioner's arguments [Filing No. 38] fall short.

### A. The non-attorney work is reasonable

Caldwell submits a ledger showing the total time spent working on this case was 28.7 hours, divided between two attorneys, a law clerk, and a staff member. [Filing No. 34-4] A law clerk spent 0.4 hours preparing the complaint and 18.6 hours drafting a statement of the case, including consulting time. *Id.* A staff member spent 0.3 hours downloading the administrative record. *Id.* The attorneys spent a combined total of 9.4 hours reviewing the merits of the appeal, reviewing and filing the complaint, appearing, reviewing the briefing order, consulting with the law clerk, revising the statement of the case, drafting arguments, submitting the brief, and consulting with opposing counsel. *Id.*

The Commissioner's brief suggests that the requested fee is unreasonable because much of the work was performed by non-attorneys. In particular, the Commissioner asks the Court whether the non-attorney time should be reduced to account for a lower implied hourly rate. However, the Commissioner fails to identify a rational number and presents no current data on average hourly rates of paralegals or law clerks in Indiana.

The Commissioner suggests an appropriate non-attorney hourly rate is "slightly less than one-half of the average market rate billed by attorneys." [Filing No. 38, at ECF p. 4.] The Commissioner also suggests non-attorney time is compensable at a rate of "40-60% of an

3

attorney's time." [Filing No. 38, at ECF p. 5.] The Commissioner points to the Ohio State Bar Association, which reported in 2013 that the median paralegal billing rates were between $81 and $100 per hour, based on experience. [Filing No. 38, at ECF p. 4.]

The Commissioner asks the Court to choose from this menu of possible reductions, but recognizes her position lacks support. The Commissioner acknowledges that a reasonable attorney's fee can include the work of paralegals and law clerks. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 285 (1989). Also, the Commissioner notes that "paralegal fees are recoverable as attorney's fees at their 'prevailing market rates.'" *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008). Caldwell met his burden by submitting the ledger of time spent on this case. Case law does not support a reduction of the non-attorney time. Thus, a partial rate reduction is not appropriate.

Even if the Commissioner's issue is whether the non-attorney time is compensable at all, her argument fails. "It would be unreasonable, for instance, to bill … for time a paralegal spent answering a general phone line or distributing mail." *Monk v. Colvin*, No. 2:15-CV-233, 2016 WL 4445659, at *4 (N.D. Ind. Aug. 23, 2016) (citing *Missouri,* 491 U.S. at 288 n. 10). However, the non-attorney work here is specific to Caldwell's case. Had the law clerk not drafted the complaint and had the staff not downloaded the record, the attorneys would have, which presumably would have been even more expensive. The work by the law clerk and staff in this case is compensable because it is related to the substance of Caldwell's Social Security appeal. *E.g., Monk*; 2016 WL 4445659, at *4. Thus, all 28.7 hours are reasonably compensable without a partial rate reduction for non-attorney time.

### B. The implied hourly rate is reasonable

Caldwell seeks an implied hourly rate of $786 based on the proposed award of $22,557 for 28.7 hours worked. The Commissioner "believes it would be within the Court's discretion to either reduce the fee sought by counsel [sic] avoid a windfall or elect not [sic] do so." [Filing No. 38, at ECF p. 8.] However, the Commissioner again fails to suggest what reduction the Court should make. Rather, the Commissioner points out that in 2008, an implied hourly rate of $742.50 was reduced to $583.50. *Schimpf v. Astrue*, No. 1:06-CV-18, 2008 WL 4614658 (N.D. Ind. Oct. 18, 2008). The Commissioner also points out that the Sixth Circuit affirmed reducing an attorney's hourly rate to $360 per hour. *Lasley v. Comm'r of Soc. Sec.,* 771 F.3d 308, 310 (6th Cir. 2014). Thus, it appears the Commissioner wants the proposed award reduced so that Caldwell's counsel receives an implied hourly rate between $360 and $583.50.

The Commissioner's failure to make a clear argument is unhelpful, as is Caldwell's failure to reply. However, Caldwell's motion assists the Court by pointing to *Everroad v. Astrue*, No. 4:06-CV-100-DFH-WGH, 2009 WL 363546, at *2 (S.D. Ind. Feb. 11, 2009). In *Everroad*, the attorney spent 37 hours on the case and sought an award of $30,402, which amounts to an implied hourly rate of more than $800. *Id.* The Commissioner in *Everroad* argued this was excessive. *Id.* However, *Everroad* found the hourly rate was reasonable because of the attorney's substantial victory of $121,609 in past-due benefits and $1,331 each month. *Id.* at *3. Additionally, the rather high implied hourly rate of $800 was reasonable in light of the economic reality of the current system. *See Id.* ("An enhanced recovery when a case is successful enables the attorney to take on the cases of others.").

*Everroad* is directly on point. Like *Everroad*, the results for Caldwell were very good, with a past-due benefits award of $90,228 and monthly payments of $1,370.60. [Filing No. 34-

5

3.] The implied hourly rate of $786 here is under, but in line with, the rate in *Everroad*. The contingency agreement between Caldwell and his attorney specifically states, "I understand that the total fee could amount to many thousands of dollars or many hundreds of dollars per hour on an hourly basis." [Filing No. 34-1.] Caldwell got what he signed up for. *Everroad* convinces the Court that a reduction is not appropriate. The implied hourly rate here is reasonable.

**V.     Conclusion**

For the above reasons, Caldwell's motion for attorney fees under 42 U.S.C. § 406 (b) [Filing No. 34] is granted. Caldwell's attorney agrees that the total amount of fees must be reduced by the prior EAJA award of $3,669. [Filing No. 35, at ECF p. 6.] Taking this offset into account, Caldwell's attorneys are awarded $18,888 in fees from his past-due DIB benefits.

Date: 5/18/2017

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Joseph R. Wambach
KELLER & KELLER
joew@2keller.com

Nicholas Thomas Lavella
KELLER & KELLER
nlavella@2keller.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov